104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Pedro LAUREANO, Petitioner-Appellant,
v.
John P. KEANE, Respondent-Appellee.
 No. 95-2810.
 United States Court of Appeals, Second Circuit.
 Nov. 5, 1996.
 
 Appeal from the United States District Court for the Southern District of New York.
 Appearing for Appellant: Sheryl Gross-Glaser, Brooklyn, N.Y.
 Appearing for Appellee: Dian Kerr McCullough, Ass't Att'y Gen., N.Y., N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before KEARSE, WALKER and JACOBS, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 3
 Petitioner Pedro Laureano, a New York State ("State") prisoner convicted of two robberies, appeals from a judgment entered in the United States District Court for the Southern District of New York, Kimba M. Wood, Judge, dismissing his petition pursuant to 28 U.S.C. § 2254 to vacate his state-court convictions on the principal ground that the State withheld from him Brady material, to wit, the identities and notes of the first police officers to reach the scenes of the robberies. The district court rejected the Brady claim on the grounds that Laureano had failed to raise it in his direct state-court appeals from his convictions and in his prior § 2254 petition in federal court, and that he showed neither cause for his failures nor prejudice resulting from the nondisclosure. On appeal, Laureano contends that he did raise the Brady claim in his prior § 2254 petition, and he argues that the cause-and-prejudice standard was therefore inapplicable. We affirm on the ground of state-court procedural default, to which the cause-and-prejudice standard also applies, and we need not address the questions surrounding the prior federal habeas petition.
 
 
 4
 When "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). This principle applies if "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (internal quotation marks omitted).
 
 
 5
 Laureano's brief on the present appeal admits that Laureano failed to raise his Brady claim on his direct state-court appeals from his convictions and that his 1992 motion to vacate the judgment under N.Y.Crim. Pro. L. § 440.10 was denied by the state court on the basis of his procedural defaults. (Laureano brief on this appeal at 6-7.) Thus, the cause-and-prejudice standard was applicable.
 
 
 6
 For the reasons stated in Magistrate Judge Bernikow's Report and Recommendation, adopted by Judge Wood, Laureano failed to meet that standard. Though his subsequent acquisition of information pursuant to the state Freedom of Information Law may have strengthened his claim that information was undisclosed, Laureano plainly possessed sufficient information to assert that claim on his direct state-court appeals. Hence, he did not show cause for failing to make his claim in timely fashion in the state proceedings.
 
 
 7
 Further, Laureano has not made any showing, other than a speculative assertion, that the undisclosed information would have been favorable to him. Nor, in light of the overwhelming evidence of his involvement in the robberies, one of a supermarket and the other of a bodega, does it seem likely that the officers' notes would have materially aided his case, see generally Kyles v. Whitley, 115 S.Ct. 1555, 1565 (1995) (favorable evidence is material if there is a reasonable probability that had the evidence been disclosed to the defense the result of the proceeding would have been different). At the trial for robbery of the supermarket, two witnesses testified that Laureano told them he had participated in that robbery. At the trial for robbery of the bodega, the prosecution's evidence included the testimony of two eyewitnesses who identified Laureano in a police line-up shortly after the robbery; the testimony of a third witness that prior to the robbery, Laureano had stated his intention to rob a bodega; and the testimony of a fourth witness that Laureano explicitly admitted his participation in the bodega robbery shortly after it occurred. Though the State's failure to comply with the request for production is not condoned, Laureano has made no showing that he was prejudiced by the nondisclosure of the identities and notes of the first police officers to reach the scenes of the robberies.
 
 
 8
 We have considered all of Laureano's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.